UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HAROLD BUTLER,
    Plaintiff,

vs.                                                  14-3197

RONDA MILLS, et.al.,
    Defendants.

## MERIT REVIEW ORDER

    This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at Western Illinois Correctional Center by Defendants Ronda Mills, Warden Tarry Williams, Grievance Officer Tara Goins, Counselor Vincent and Health Care Administrator Shoemaker. The Plaintiff alleges the Defendants were deliberately indifferent to a serious medical condition. During the merit review hearing, the Plaintiff clarified that he had previously suffered a dislocated shoulder at Menard Correctional Center in January of 2012. After the Plaintiff transferred to Western Illinois Correctional Center, he reinjured his shoulder. The Plaintiff told Nurse Mills he was in extreme pain in December of 2013, but she refused to provide him medical care. The documents attached to the Plaintiff's complaint indicate the nurse did provide Tylenol, but the Plaintiff said his shoulder was dislocated and he needed additional care. The Plaintiff maintains he is still suffering in extreme pain.

    In his complaint, the Plaintiff says he has named Defendants Warden Tarry Williams, Grievance Officer Tara Goins, Counselor Vincent and Health Care Administrator Shoemaker because they failed to investigate the claims in his grievances. The Plaintiff has attached various documents to his complaint including his grievances. In each instance, the grievance officer spoke with the Health Care Administrator who indicated the Plaintiff had been seen and treated by medical staff. (Comp, 1-1, p. 3, 6). The Plaintiff has also provided copies of medical records which demonstrate he was seen by medical staff in January, February and April of 2014 concerning his shoulder pain. (Comp. 1-1, p. 12-17). In addition, an x-ray was done of his shoulder in February of 2014 which showed no abnormality. (Comp., 1-1, p. 14).

1

Since the Plaintiff says he was provided no care when he complained to Nurse Mills that he was in severe pain, the Plaintiff has articulated a claim that the nurse was deliberately indifferent to his serious medical condition when she either refused or delayed medical care. However, the Plaintiff has not articulated a claim against any other named Defendant. The documents attached to the Plaintiff's complaint indicate once the Defendants received his grievances, they verified the Plaintiff was receiving medical care. A prison official does not disregard an inmate's complaint if he knows that the medical staff was monitoring and addressing the problem. *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir.2006) )(health care unit administrator did not have personal involvement sufficient for liability when he investigated complaints, referred to a doctor and reasonably relied on doctor's opinion). "We do not think [a prison official's] failure to take further action once he had referred the matter to the medical providers can be viewed as deliberate indifference." *Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir.2005); *see also Williams v. Cearlock*, 993 F. Supp. 1192, 1197 (C.D. Ill. 1998)( prison administrators without medical expertise "must rely on health care professionals to assess the needs of prisoners and initiate treatment.").

In addition, the Warden's failure to respond to the Plaintiff's emergency grievance does not state a constitutional violation. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. Maust v. Headley, 959 F.2d 644, 648 (7th Cir.1992); Shango v. *Jurich*, 681 F.2d 1091 (7th Cir.1982). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate such grievances. *See Perales v Bowlin*, 644 F.Supp.2d 1090, 1100 (N.D. Ill. 2009)(ignoring grievance or failing to investigate does not make an official liable for damages under Sec. 1983).

IT IS THEREFORE ORDERED that:

> 1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendant Ronda Mills violated his Eighth Amendment rights when she was deliberately indifferent to his serious medical condition. The claim is stated against the Defendant in her individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.
>
> 2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Warden Tarry Williams, Grievance Officer Tara Goins, Counselor Vincent and Health Care Administrator Shoemaker for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 19th day of September, 2014.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE